UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 13-80715-Civ-Marra/Matthewman

RAMONA A. FOBBS,

    Plaintiff,

v.

A & A NORTH AMERICAN FINANCIAL, LLC,

    Defendant.
_____/

### PLAINTIFF'S VERIFIED REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S VERIFIED MOTION FOR AN AWARD OF ATTORNEY'S FEES

    Plaintiff, Ramona A. Fobbs, files this Verified Reply to Defendant's Opposition to Plaintiff's Verified Motion for an Award of Attorney's (DE 31) states as follows:

    Defendant spends a lot of ink arguing that the case is not a valid one presumably with the intention of establishing a foundation for the unreasonableness of Plaintiff's attorney fees. Plaintiff counters that the case *is* a valid one and, even if it was not, the argument over validity of the case is not appropriate in the context of a fees motion nor does it change the reasonableness of attorney fees.

    The case is valid because the latest pronouncement from the 11th Circuit, *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010)[1], on the issue of whether a debt collector is required by Florida law to register as a debt collector holds that a debt collector *is* obligated to register as a debt collector prior to commencement of debt

---

[1] Defendant largely ignores *LeBlanc* and cites case law throughout its brief that is no longer good law as *Leblanc* changed the landscape regarding debt collector licensure. Eleventh Circuit specifically overruled Conner v. BCC Fin. Mgmt. Servs.

collection activities as required by the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA").

Plaintiff asserted in her initial complaint that Defendant was unlicensed at the time it filed its state court suit against Plaintiff in an effort to collect a consumer debt. That falls squarely within the precedent of *Leblanc*. If it was true that Defendant was unlicensed, there cannot be much dispute that Plaintiff's initial complaint is on solid ground: it alleges Defendant filed a state court lawsuit against Plaintiff to collect a consumer debt and that at the time is did so it was unlicensed. The problem: it is not true that Defendant was unlicensed at the time is filed the state court debt collection suit. The question then arises as to why did Plaintiff's counsel file a suit asserting a fact that that is not true, namely Defendant was unlicensed when in fact it was licensed? It is because of a reasonable mistake in the determination of Defendant's licensure. Plaintiff's counsel did a reasonable investigation to determine if Defendant was licensed by checking the Florida Department of Financial Regulation's web site for Defendant's license. Plaintiff's counsel did a search for the Defendant's name by typing Defendant's name into the search box on the state's website as listed on the state court complaint which is:

A & A North American Financial, LLC

The Declaration of G. Reynolds Sims Exhibit 2 filed with the Court as DE 31 page 8 through 18, shows that Defendant's name is as stated here. Note that there are spaces before and after the ampersand. Counsel's search returned no record of a debt collector's license under the name appearing on the state court complaint and Plaintiff filed her suit on July 25, 2013. On August 1, 2013 Christopher Legg, Esq. who was defending

Plaintiff, Ramona A. Fobbs, in the state court collection action informed Plaintiff's counsel that he had located a license for Defendant under the name:

A&A North American Financial, LLC

Note this rendition omits the spaces before and after the ampersand. Mr. Legg searched under Defendant's name not using the spaces before and after the ampersand. Apparently the Office of Financial Regulation's website search function requires the exact name and does not adjust for spaces. Plaintiff's counsel was not previously aware that the search function could return an erroneous search results depending on spaces. Note that the name Plaintiff's counsel used for the search is the actual name on the state court complaint and thus the effort to determine licensure was reasonable. Defendant confirms the facts stated here in the Declaration of G. Reynolds Sims (DE 31) wherein Mr. Sims states Plaintiff's counsel informed him of these facts in a telephone conference about 4:00PM on August 16, 2013. See paragraph 7 of the Declaration. Mr. Sims confirms that Defendant's license is under the name without the spaces as he attaches a copy to his Declaration as Exhibit 1 at page 6 of DE 31-1 which also show the "original date of license" as December 2, 2011. Importantly, Defendant could have prevented the discrepancy between the spelling of its name by filing its state court suits in the same exact name under which it is licensed in Florida or by obtaining a license under its own true name. In any event, Defendant controls the name under which it files suits in state court to collect debts and controls the name under which it applies for, obtains and maintains its Florida debt collector license.

      On August 1, 2013, when Plaintiff's counsel learned of the existence of Defendant's license, he considered and rejected amending on the basis that Defendant's

name on the state court complaint does not match the name of Defendant's license. There is an argument that in fact Defendant is filing state court collection suits not using its own true name in violation for the FDCPA's requirement to use one's own true name when collecting consumer debts. 15 U.S.C §1692e(14) Counsel also considered that Defendant was *not* licensed on August 2, 2011, when it purchased Plaintiff's defaulted credit card debt[2], and thus Defendant's purchase of the defaulted debt of a Florida resident without first having obtained a debt collection license is a crime under Florida law. Because the purchase of the debt is a crime the assignment thereof is illegal[3] and cannot be enforced at law nor can an illegal assignment form a valid basis for Defendant's state court suit against Plaintiff to collect the alleged debt. Plaintiff made these allegations in her First Amended Complaint (DE 6) filed at 2:55 PM on August 16, 2013 about an hour before the conversation between Plaintiff's counsel and Mr. Sims set out in his Declaration (DE 31). Plaintiff's First Amended Complaint is valid. It alleges that at the time Defendant purchased Plaintiff's defaulted debt it was not licensed as a debt collector, a fact Defendant does not appear to contest. It alleges Defendant engaged in debt collection action by purchasing a defaulted consumer debt allegedly due by a Florida resident. It alleges that Defendant is a debt collector because it purchases portfolios of defaulted

---

[2] See Bill of Sale showing Defendant purchased Plaintiff's defaulted credit card debt on August 2, 2011 attached as Exhibit 2 (at page 21) to Declaration of G. Reynolds Sims (DE 31).

[3] The statue reads in relevant part:
> It shall be a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083, for any person not exempt from registering as provided in this part to engage in collecting consumer debts in this state without first registering with the office or to register or attempt to register by means of fraud, misrepresentation or concealment.

Fla. Stat. §559.785.

debts and thus under *Leblanc* is in fact a debt collector. It alleges that since the purchase of the debt is a crime under the FCCPA the assignment thereof is illegal and illegal contracts cannot be enforced under law and thus Defendant's state court suit seeking to enforce the alleged debt is in violation of the FDCPA. Contrary to Defendant's argument, the First Amended Complaint does not allege facts time-barred by the FDCPA's one-year statute of limitations. The state court suit based upon the illegal assignment was filed on May 20, 2013 and the First Amended Complaint (DE 6) was filed on August 16, 2013, well within the one-year statute.

Defendant argues that the Illinois Supreme Court's subsequent abrogation of <u>LVNV Funding, LLC v Matthew Trice</u>, 2011 Ill. App. Lexis 228, (Appellate Court of Illinois, 2011) suggests Plaintiff's FAC is invalid. Plaintiff did cite *Trice* in the FAC but only for the concept that an assignment of a consumer debt without being licenses *could* give rise to an FDCPA claim. The validity of the contract for the assignment of the debt determined in Trice, was decided under Illinois contract law, not Florida contract law. The debt collection action decided in Trice was governed by an Illinois debt collection act, not the Florida Consumer Collection Practices Act. Thus the out come in this case, had it been fully litigated would not turn on Trice, it would turn upon Florida contract law and the application of the FCCPA to Defendant's action. To the best of Plaintiff's counsel's knowledge the issue of whether the assignment of a consumer debt by an unlicensed debt collector is illegal has never been considered by any court with respect to the Florida Consumer Collection Practices Act. This allegation does appear to have merit as stated above the FCCPA makes collection action a crime and contracts based upon a crime are at least debatable in whether or not such contracts can be enforced by filing a

state court action. Plaintiff's FAC sets out a valid cause of action. If Defendant truly thought it was invalid it could have taken the route of defending the case - or just awaiting a ruling on its Motion to Dismiss (DE 9) - a ruling that will never be issued because Defendant chose an alternative route, to serve an offer of judgment, an offer that Plaintiff accepted, in lieu of litigating the Motion to Dismiss. Or Defendant could have litigated the case to its conclusion and then sought its attorney fees against Plaintiff or her counsel, which are available under the FDCPA and Rule 11. But Defendant chose not to go that route either and instead is trying to argue in the context of a motion for attorney fees that the case itself is invalid. The validity of the case is water under the bridge, Defendant offered a judgment against itself and Plaintiff accepted it rendering Plaintiff a prevailing party under the FDCPA and entitled to her reasonable attorney fees. It Defendant was concerned about minimizing its obligation for Plaintiff's attorney fees, Defendant could have served an offer of judgment form the first minute it received the complaint. It chose not to do so. Regarding the interplay between Defendant's offer of judgment and the reasonableness of Plaintiff's attorney fees, Defendant argues that since its offer of judgment was served on October 15, 2013 that Plaintiff's fees should be cutoff on October 15, 2013. Defendant is wrong for two reasons. First, Plaintiff's counsel did spend considerable time working on the case on October 15, 2013 preparing a Motion for Extension of Time (DE 14) to respond to Defendant's Motion to Dismiss which was due on October 15, 2013 and this time should be compensated because it was no ordinary motion for extension of time: it sought a substantial amount of time in order to, among other things, engage in discovery with respect to Defendants claim in its motion to dismiss of the existence or an arbitration clause which would preclude this suit from

proceeding in this court. More importantly, Plaintiff's counsel did not know of Defendants offer of judgment until October 16, 2013 and subsequently spent very little time concluding the liability portion of the case. Defendant's representation to the Court that it served an offer of judgment on October 15, 2013 is false. Defendant did not serve the offer of judgment until October 16, 2013. Defendant's counsel admitted in an email that it did not serve the offer electronically on October 15, 2013. See Exhibit "A" attached. Yet, Defendant now argues that fees should be cutoff on October 15, 2013 even though its counsel knew that it did not serve the offer on October 15, 2013 and has falsely represented to this Court the date of service of its offer as a factual predicate for a denial of attorney fees. Defendant is wrong for a second reason, as attorney fees are awardable for the litigation of right and amount of attorney fees. See *Khalilah M. Mendez v. Allied Interstate, Inc.*, Case No.: 07-22516-Civ-King/Bandstra (S.D.Fla., April 16, 2008); *Monica I. Barreras v. Viking Collection Service, Inc*., Case No.: 05-61855-Civ-Marra/Seltzer (S.D.Fla., October 23, 2007); *Wayne E. Small v. Absolute Collection Service, Inc.,* Case No.: 04-61196-Civ-Jordan/Brown (S.D. Fla. 2006); *Lund v. Affleck*, 587 F.2d 75 (1st Cir. 1978); *Gagne v. Maher*, 594 F.2d 336 (2d Cir. 1979); *David v. City of Scranton*, 633 F.2d 676 (3d Cir. 1980); *Tyler Business Servs., Inc. v. N.L.R.B.*, 695 F.2d 73 (4th Cir. 1982); *Johnson v. State of Miss.*, 606 F.2d 635, 638 (5th Cir. 1979); *Weisenberger v. Huecker*, 593 F.2d 49 (6th Cir. 1979); *In re Burlington N., Employment Practices Litig.*, 832 F.2d 430 (7th Cir. 1987); *Jordan v. Multnomah County*, 815 F.2d 1258, 1264 (9th Cir. 1987).  Plaintiff's counsel will submit a Supplemental Declaration for an Award of Attorney Fees incurred in the litigation of this motion. Subsequent Plaintiff's receipt of Defendant's offer of judgment there was very little time spent on the

case: a conversation between counsel regarding the offer of judgment, a motion requesting judgment based upon the offer and a motion for costs filed with Defendant's counsel failed to respond to written request to resolve the issue of costs without need for a motion for costs. Defendant mentions in its motion that Plaintiff's counsel did not speak with Plaintiff prior to the filing of the case implying that counsel's pre-filing investigation was incomplete. Counsel did communicate with Plaintiff prior to filing the case but did through a paralegal for whose time counsel does not bill or seek.

Regarding the hourly rate of Plaintiff's counsel, counsel will rely upon his Declaration filed in support of this motion and the substantial body of prior rulings issued by the judges of the Southern District of Florida recited in the Declaration showing a history and progression of increasingly high hourly rates corresponding to an increasing level of experience in consumer rights litigation.

I, Donald A. Yarbrough, declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. §1746, that the foregoing statements are true.

Executed this 7 day of March, 2014
at Fort Lauderdale, Florida

                                                    Respectfully submitted,

                                                  DONALD A. YARBROUGH, ESQ.
                                                Attorney for Plaintiff
                                                Post Office Box 11842
                                                Fort Lauderdale, Florida 33339
                                                Telephone: (954) 537-2000
                                                Facsimile: (954) 566-2235
                                                don@donyarbrough.com

                                                s/Donald A. Yarbrough
                                                Donald A. Yarbrough, Esq.
                                                Florida Bar No. 0158658

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 13-80715-Civ-Marra/Matthewman

RAMONA A. FOBBS,

    Plaintiff,

v.

A & A NORTH AMERICAN FINANCIAL, LLC,

    Defendant.
_____/

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that on <u>March 7, 2014,</u> I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                        <u>s/Donald A. Yarbrough</u>
                                        Donald A. Yarbrough, Esq.

**SERVICE LIST**

Ms. Barbara Fernandez, Esq.
Hinshaw & Culbertson, LLP
4 Floor
2525 Ponce de Leon Boulevard
Coral Gables, FL 33134
Telephone: 305-428-5031
Facsimile: 305-577-1063

<u>Via Notices of Electronic Filing generated by CM/ECF</u>