UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 13-80715-CIV-MARRA/MATTHEWMAN

RAMONA A. FOBBS,

    Plaintiff,

vs.

A & A NORTH AMERICAN FINANCIAL, LLC,

    Defendant.
_____/



FILED by [signature] D.C.
AUG 0 4 2014
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## REPORT AND RECOMMENDATION ON PLAINTIFF'S VERIFIED MOTION FOR AN AWARD OF ATTORNEY'S FEES [DE 27]

THIS CAUSE is before the Court upon Plaintiff's, Ramona A. Fobbs (hereinafter "Fobbs"), Verified Motion for an Award of Attorney's Fees [DE 27]. This matter was referred to the undersigned by United States District Judge Kenneth A. Marra [DE 30]. Defendant, A & A NORTH AMERICAN FINANCIAL, LLC (hereinafter "A&A") objects to Fobb's requests for attorney's fees, arguing that Fobbs' counsel, Mr. Donald A. Yarbrough, Esq. (hereinafter "Mr. Yarbrough"), filed a meritless claim in the underlying action, and that Mr. Yarbrough's hourly rate and work hours sought are unreasonable. For the reasons that follow, this Court **RECOMMENDS** that the District Court **GRANT IN PART AND DENY IN PART** Plaintiff's Verified Motion for an Award of Attorney's Fees [DE 27].

### BACKGROUND

On May 20, 2013, A&A filed a lawsuit in Palm Beach County state court against Fobbs, seeking a judgment for a debt which Fobbs owed A&A. [DE 1]. Florida Statutes section 559.553 requires all debt collectors to first register with the Florida Office of Financial Regulation before attempting to collect a debt. *See* § 559.553, Fla. Stat. (2012). A&A has been

officially licensed by the Florida Office of Financial Regulation since December 2, 2011, and A&A maintains that Fobb's trial counsel had either constructive or actual knowledge of A&A's license on July 25, 2013.[1] However, on July 26, 2013, Fobbs filed a lawsuit against A&A, alleging that A&A filed the state court action against Fobbs prior to obtaining a license by the Florida Office of Financial Regulation. [DE 1]. In the lawsuit, Fobbs argued that A&A threatened to take legal action which it could not legally undertake, in violation of the Fair Debt Collection Practices Act (hereinafter "FDCPA").[2] *Id.*

Following the lawsuit, on August 16, 2013, Mr. Yarbrough and A&A's counsel had a phone conversation where Mr. Yarbrough stated that the original complaint was premised on his mistaken belief that A&A was not registered. [DE 31]. Mr. Yarbrough proceeded to amend the complaint, and filed it that day.[3] [DE 6]. Also on August 16, Fobbs offered to settle the case for $3,500.00 and dismiss the state court action, along with the underlying debt of approximately $3,800.00. [DE 31]. A&A countered with an offer to settle the federal case for $1,500.00. *Id.* Fobbs rejected the offer. *Id.*

A&A subsequently made a Rule 68 Offer of Judgment, which Fobbs accepted and filed notice of with the Court. [DE 19]. On October 31, 2013, United States District Judge Kenneth A. Marra entered final judgment in favor of Fobbs and also found that Fobbs was entitled to recover reasonable attorney's fees and costs from A&A. [DE 21]. The Court retained

---

[1] Mr. Yarbrough appears to have had actual knowledge of the license on August 1, 2013, as Mr. Yarbrough's bills state: "Review correspondence from [Fobbs' state court attorney] regarding [A&A's] consumer collection license, providing copy of license." [DE 29-1, p. 3].
[2] *See* 15 U.S.C. § 1692.
[3] A&A alleges that Fobbs' Amended Complaint was filed beyond the one-year statute of limitations period. Further, on September 2, 2013, A&A's general counsel sent Fobbs' counsel a memorandum of law, explaining that the FDCPA does not confer a private cause of action, and that Fobbs' Amended Complaint did not rectify the fact that A&A was properly licensed. [DE 31-1]. In support, A&A maintains that Fobbs' reliance on an Illinois case was improper, because the statute has since been abrogated. *Id.*

jurisdiction on the issue of attorney's fees and costs. *Id.*

Fobbs now seeks attorney's fees under 15 U.S.C. § 1692 [DE 27]. Fobbs requests $9,112 in fees. *Id.* In support of her request for attorney's fees, Fobbs submitted an affidavit of her attorney, Mr. Yarbrough [DE 29], in which Mr. Yarbrough stated that he is an attorney in good standing with various jurisdictions, and that Fobbs retained him for representation in the debt collection dispute with A&A. *Id.* Mr. Yarbrough set forth the hours he spent working on the case and the fees charged, and also stated that his fees were reasonable as he is in his fifteenth year of practice. *Id.*

In opposition, A&A argues that Fobbs should not be entitled to attorney's fees because Fobbs filed a meritless claim. [DE 31]. A&A also objects to Fobbs' number of hours sought, as well as the reasonableness of Mr. Yarbrough's hourly rate. *Id.*

In her reply, Fobbs emphasizes that the underlying complaint and amended complaint were not frivolous. [DE 43]. Specifically, Fobbs asserts that the reason Fobbs' counsel did not discover A&A's licensure was because of a spacing issue in A&A's company name on the court documents. *Id.* According to A&A's original Complaint, the company name was written as "A&A," when the proper spacing was actually: "A & A." *Id.* Fobbs maintains that this spacing issue kept counsel from discovering the license. *Id.* Even so, Fobbs asserts that the validity of the underlying suit is essentially irrelevant because A&A filed its Rule 68 Offer of Judgment, which rendered Fobbs a prevailing party under the FDCPA and entitled her to reasonable attorney's fees. *Id.*

## DISCUSSION

### I. Entitlement to Attorney's Fees

There is no dispute that Fobbs is entitled to attorney's fees. Under the FDCPA, a

prevailing plaintiff is entitled to attorney's fees as determined by the court. 15 U.S.C. § 1692k(a)(3). "Such an award is mandatory under the FDCPA". *Edwards v. Nat'l Business Factors, Inc.*, 897 F.Supp. 458, 459 (D.Nev. 1995) (citations omitted). In the case at hand, a Final Judgment was entered on Fobbs' behalf,[4] so she is the prevailing party in this FDCPA action, and is entitled to recover reasonable attorney's fees.

In their Response to Fobbs' Motion, A&A emphasizes that the actual amount of the award is within the Court's discretion.

## II.    Calculation of the Attorney's Fees Award

A reasonable attorney's fee award is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Am. Civil Liberties Union v. Barnes*, 168 F. 3d 423, 427 (11th Cir. 1999) (*quoting Blum v. Stenson*, 465 U.S. 886, 888 (1994)). "This 'lodestar' may then be adjusted for the results obtained" by the attorney. *See id.* at 427 (*citing Loranger v. Stierheim*, 10 F. 3d 776, 781 (11th Cir. 1994)). "In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F. 2d 714 (5th Cir. 1974)." *Bivins v. Wrap It Up, Inc.*, 548 F. 3d 1348, 1350 (11th Cir. 2008). These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 1350 n. 2 (citation omitted).

---

[4] In the Final Judgment, Judge Marra awarded Fobbs reasonable attorney's fees. [DE 21].

4

The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F. 3d at 436 (*quoting Norman v. Housing Auth. of Montgomery*, 836 F. 2d 1292, 1299 (11th Cir. 1999)). The fee applicant bears the burden of establishing the claimed market rate. *See Barnes*, 168 F.3d at 427. The Court may use its own experience in assessing the reasonableness of attorney's fees. *Norman*, 836 F.2d at 1303.

With regard to the type of evidence that the fee claimant should produce in support of a claim, in *Barnes*, the Eleventh Circuit has stated:

> The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F.2d at 1303. That burden includes "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity . . . . A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case." *Id.* (citations omitted).

*Barnes*, 168 F.3d at 427.

In submitting a request for attorney's fees, fee applicants are required to exercise "billing judgment." *Id.* at 428 (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). If fee applicants do not exclude "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*," the court must exercise billing judgment for them. *See id.* (*quoting Norman*, 836 F. 2d at 1301 (*emphasis in original*)). The burden rests on the moving party to submit a request for fees that will enable the court to determine how much time was reasonably expended. *Loranger*, 10 F.3d at 782.

When responding to motions for attorney's fees, opponents are required to lodge specific

5

objections to any requests. *See Barnes*, 168 F.3d at 428 (stating that objections from fee opponents must be specific and "reasonably precise"); *Norman*, 836 F.2d at 1301 ("[a]s the district court must be reasonably precise in excluding hours thought to be unreasonable or unnecessary, so should the objections from fee opponents."). Failing to lodge specific objections is generally deemed fatal. *See, e.g., Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997); *Scelta v. Delicatessen Support Srvcs. Inc.*, 203 F. Supp. 2d 1328, 1333 (M.D. Fla. 2002).

Additionally, "[a] court may award fees for the work of paralegals, but 'only to the extent that [they] perform work traditionally done by an attorney.'" *Hansen v. Deercreek Plaza, LLC*, 402 F. Supp. 2d 1346, 1354 (S.D. Fla. 2006) (quoting *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988)). By contrast, "work that is clerical or secretarial in nature is not separately recoverable." *Scelta*, 203 F. Supp. 2d at 1334 (denying attorney's fees for such clerical and secretarial work as gathering materials and copying, mailing, and refiling them).

### A. Mr. Yarbrough's Hourly Rate

In seeking reimbursement for her attorney's fees, Fobbs relies on the billing records and affidavit of her attorney, Mr. Yarbrough, who charged a rate of $400 per hour. [DE 29].

According to Mr. Yarbrough's affidavit, he graduated from the University of Florida College of Law in 1995. [DE 29]. As a sole practitioner, Mr. Yarbrough began representing consumers in litigation under the FDCPA in 2001. *Id.* Since 2005, Mr. Yarbrough has limited his practice exclusively to representation of consumers in debt collection actions. *Id.* He cites to ten cases where he represented plaintiffs and obtained favorable results. *Id.* He also states that he has represented plaintiffs in over 1,000 FDCPA cases. *Id.* He maintains that the reasonable hourly rate for his services is $400.00 hour. *Id.* In support, he emphasizes that he is now in his

fifteenth year of practice as an attorney. *Id.* He also explains that he has been previously awarded $350.00 per hour in over thirty cases. *Id.* However, Mr. Yarbrough does not cite to a case where his fee of $400 was upheld. Although Fobbs did not include an expert affidavit in support of Mr. Yarbrough's claimed rates, this is not fatal. After all, "the court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (citations omitted).

In A&A's response to the motion for attorney's fees, A&A disputes the reasonableness of the hourly rate charged by Mr. Yarbrough. [DE 31]. A&A notes that the rate is not customary in the community for the type of action. *Id.* A&A cites cases where a routine case such as the case at hand, supported an hourly rate of $300 or less, and requests that Mr. Yarbrough's hourly rate should be no more than $200 per hour. *Id.* Additionally, A&A has attached to its response an affidavit from Barbara Fernandez, Esq. [DE 31-2]. Ms. Fernandez attests that her practice involves litigation of commercial matters, including handling consumer-related commercial claims. *Id.* She is a non-capital partner with a law firm, and was the lead defense counsel for A&A with regard to Fobbs' claims. *Id.* She explains that the firm rates for litigating A&A's case were as follows: $100 per hour for paralegals, $215 per hour for associates, and $275 per hour for partners. *Id.*

In *Valencia v. The Affiliated Group, Inc.*, 674 F. Supp 2d 1300 (S.D. Fla. 2009), Judge Marra found that Mr. Yarbrough's desired hourly rate of $350 per hour was unreasonable and not customary in the community, especially since Mr. Yarbrough had admitted that he had only been awarded $300 per hour in similar cases in the past. *Id.* at 1308. In the case at hand, Mr. Yarbrough seeks $400 per hour, but only cites to cases where he was awarded at most a $350

hourly rate. [DE 29]. Further, in *Valencia*, Judge Marra explained that because of the routine nature of the FDCPA action, and the fact that Mr. Yarbrough's practice was "devoted almost entirely to prosecution of FDCPA cases," that the $350 rate was unreasonable. *Id.; see also Selby v. Christian Nicholas & Assoc., Inc.*, No. 309–cv–121–J–34JRK, 2010 WL 745748, *5 (M.D. Fla. Feb. 26, 2010) (explaining that in the absence of information regarding an attorney's experience, expertise, or reputation, the court weighs heavily the straightforward and routine nature of the particular FDCPA action).

The Court finds that an appropriate award in this simple and straightforward federal case is $325 per hour. This hourly rate has been determined after considering the twelve factors listed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). The Court finds that this case did not require a great deal of time or labor and the issues presented in the case were neither novel nor complicated. The case does not appear to have required a substantial amount of time and did not require Mr. Yarbrough to neglect his other matters. The Court further finds that, in light of Mr. Yarbrough's experience, and in light of what judges have awarded Mr. Yarbrough in similar cases, $325 per hour is an appropriate hourly rate.

Based on the foregoing, this Court **RECOMMENDS** that the District Court find that a $325 hourly rate for Mr. Yarbrough is reasonable.

### B. Number of Hours Reasonably Expended

According to the motion for attorney's fees, Mr. Yarbrough expended 22.78 hours on the case. [DE 27].

In A&A's response, A&A first argues that Fobbs should not be entitled to any fees incurred related to the filing of Fobbs' original Complaint. [DE 31]. In support of this argument, A&A maintains that Fobbs' original Complaint against A&A was based on Fobbs'

trial counsel and Mr. Yarbrough's mistake of fact regarding A&A's licensure status. *Id.* Specifically, Mr. Yarbrough admitted to A&A's counsel during a phone conversation that the original complaint was filed on the mistaken belief that A&A was not licensed at the time A&A filed its state court action against Fobbs. *Id.* A&A also maintains that instead of dismissing the action against A&A, Mr. Yarbrough simply amended the complaint in an "attempt to alter the legal theory enough to avoid the fact that [A&A] was properly licensed" under Florida law. *Id.* A&A therefore argues that all fees incurred prior and up to the filing of the amended complaint should not be recoverable because they constitute "excessive, redundant, or otherwise unnecessary" hours. *Id.*

In response, Fobbs asserts that the underlying litigation was not frivolous, particularly because the reason Fobbs' counsel did not discover A&A's licensure was because of a spacing issue in A&A's company name on the court documents. [DE 43]. According to A&A's original Complaint, the company name was written as "A&A," when the proper spacing was actually: "A & A." *Id.* Fobbs maintains that this spacing discrepancy kept counsel from discovering the license. *Id.*

In this case, based on the billing sheet provided, Mr. Yarbrough spent 1.25 hours before filing the amended complaint, researching whether A&A was properly licensed. [DE 29-1]. These hours were not unnecessary or frivolous. Although A&A *was* properly licensed at the time Fobbs filed suit against A&A, Mr. Yarbrough reasonably thought A&A was not licensed, because Mr. Yarbrough's reasonable investigation indicated that A&A did not have a valid license. The only reason Mr. Yarbrough could not find the license is because the company name was not properly spaced on court documents; this spacing error precluded Mr. Yarbrough from discovering the license. A&A does not cite to any cases reflecting that a reasonable mistake

precludes an award for attorney's fees as to hours spent based on that mistake. [DE 31]. The Court is satisfied that Mr. Yarbrough's 1.25 hours spent before filing the amended complaint were not "excessive, redundant, or otherwise unnecessary" hours. *See Union v. Barnes*, 168 F. 3d 423, 427 (11th Cir. 1999).

A&A next argues that Fobbs should not be entitled to fees for the time incurred after A&A's Rule 68 Offer of Judgment because the fees were unreasonable and could have been avoided. [DE 31]. In support, A&A argues that after A&A agreed to pay the maximum recovery to which Fobbs was entitled in its Offer of Judgment, that there was no longer a live case or controversy. *Id.* Therefore, A&A maintains that Mr. Yarbrough's time spent after A&A's Offer of Judgment was also unnecessary.

In response, Fobbs maintains that Mr. Yarbrough spent "considerable time" working on the case, even on the day A&A served the Offer of Judgment, as Fobbs' counsel was preparing to file a motion for extension of time to respond to A&A's Motion to Dismiss. [DE 43]. Fobbs maintains that this time should be compensated. *Id.* Fobbs further argues that Fobbs' counsel did not know of the offer of judgment until October 16, 2013, and that A&A's representation to the Court that it filed the offer of judgment on October 15, 2013 was false. *Id.* In essence, Fobbs' argument is that once Fobbs accepted A&A's Offer of Judgment, Fobbs was rendered a prevailing party under the FDCPA, which entitled her to attorney's fees for the litigation. *Id.; see, e.g., Bryant v. Cab Asset Mgmt.*, No. 10–61514–CIV, 2011 WL 1331267, at *2 (S.D. Fla. Apr. 6, 2011) (finding that a plaintiff may recover for attorney time spent and billed even after a settlement offer, because until a judge issues its final judgment, attorney's fees were properly accruing).

The Court is satisfied that Fobbs can undoubtedly recover for matters related to the Offer

of Judgment. *See Waltman v. Nationwide Credit*, No. 10-60588-Zloch DE 59 (S.D. Fla. Aug. 26, 2011) (explaining that following an offer of judgment in an FDCPA action, time spent "beyond reviewing the [o]ffer and conferring with [the client] regarding rejection or acceptance of [the offer] . . . would be per se unreasonable"). A&A filed its Offer of Judgment on October 15, 2013, which Fobbs did not know of until October 16, 2013. Mr. Yarbrough's time spent reviewing the offer of judgment on October 15, 2013 was clearly warranted. The other discovery matters that Mr. Yarbrough billed on October 16 through October 18 were also valid, because at that point, Mr. Yarbrough had not even conferred with Fobbs as to whether she would accept the offer, and therefore potential litigation was still a concern. On October 29, 2013, Mr. Yarbrough conferred with Fobbs and accepted A&A's Offer of Judgment. The hours expended from October 15 to October 31 were therefore reasonably billed. The remaining hours billed on October 31, 2013 to November 25, 2013 pertain to Fobbs' Bill of Costs.

A&A also lodges specific objections to Mr. Yarbrough's time entries following A&A's Offer of Judgment. [DE 31]. A&A objects to Mr. Yarbrough's billing on August 16, 2013 of both .17 hours and .12 hours for correspondence to A&A. *Id.* A&A further objects to Mr. Yarbrough's entries on September 9, 2013, September 11, 2013, and September 12, 2013, which reflect Mr. Yarbrough's hours spent researching the merit of A&A's counsel's request that Mr. Yarbrough withdraw Fobbs' Complaint, and Mr. Yarbrough's entry reflecting 2.83 hours reviewing the law cited in A&A's Motion to Dismiss. *Id.* A&A's objections are based on the fact that Mr. Yarbrough never wrote a response to A&A regarding his research on A&A's counsel's request, and never filed a motion in opposition to the motion to dismiss but instead filed several motions to extend the deadline to respond. *Id.*

Additionally, A&A opposes Mr. Yarbrough's 3.89 hours billed between September 19,

2013 to October 15, 2013 in which Mr. Yarbrough "attempt[ed] to confer, request, and file motions for an extension of time." *Id.* A&A specifically challenges the 2.75 hours billed on October 15, 2013 for preparing a second motion for extension of time. *Id.*

Finally, A&A challenges Mr. Yarbrough's entry for July 25, 2013, which reflected Mr. Yarbrough's work on the underlying state court action. *Id.* In support, A&A cites *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 683 (1983) for the proposition that "[t]he American Rule states that attorney's fees are not recoverable as costs or damages unless expressly allowed by statute, court rule, or a common-law exception provides to the contrary." *Id.* A&A maintains that because the state court case was a separate action and Mr. Yarbrough was not Fobbs' counsel, that all hours expended reviewing documents from the state court action should not be included in the fee award. *Id.*

The Court is not persuaded by A&A's above arguments as to Mr. Yarbrough's specific time entries. The Court does not find the time expended by Mr. Yarbrough to be excessive or frivolous. Instead, the Court finds that Mr. Yarbrough billed for reasonable time spent researching and working on the case, and also for time spent communicating with opposing counsel.

### III. Conclusion

In light of the foregoing,

1. This Court **RECOMMENDS** that the District Court grant in part and deny in part Plaintiff's Verified Motion for an Award of Attorney's Fees [DE 27]. The Court **RECOMMENDS** that the District Court find $325 to be a reasonable hourly rate for Plaintiff's attorney, Mr. Yarbrough, as opposed to the $400 per hour sought in Plaintiff's Motion

    2. This Court further **RECOMMENDS** that the District Court award Plaintiff's counsel, Mr. Yarbrough, attorney's fees in the amount of $7,403.50 ($325/hour x 22.78 hours).

### NOTICE OF RIGHT TO OBJECT

A party shall file written objections, if any, to this Report and Recommendation with United States District Judge Kenneth A. Marra within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C)

    **RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 4th day of August, 2014.

WILLIAM MATTHEWMAN  
United States Magistrate Judge